## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DAVID FERNSLER,** | : | |
| Petitioner | : | No. 1:14-cv-00743 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **DAUPHIN COUNTY, PENNSYLVANIA,** | : | (Magistrate Judge Mehalchick) |
| Respondent | : | |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 10, 2007, Petitioner Michael David Fernsler[1] pleaded guilty in the Court of Common Pleas of Dauphin County, Pennsylvania to involuntary deviate sexual intercourse with a child, unlawful contact with a minor, indecent assault on a person less than 13 years old, and two counts of corruption of a minor.[2] (Doc. No. 9 at 1.) On January 25, 2008, he was sentenced to an aggregate term of 26 to 52 years in prison. (Id.) The conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on July 10, 2009. (Id. at 2.) Although Petitioner filed no timely petition with the Pennsylvania Supreme Court, on October 13, 2011, he petitioned that court for leave to file a petition for allocatur nunc pro tunc, which was denied. (Id.) On May 9, 2012, he filed a pro se Post-Conviction Relief Act (PCRA) petition with the Court of Common Pleas of Dauphin County, Pennsylvania; that court denied the

---

[1] Petitioner has filed a different petition arising out of a separate conviction and sentence, Fernsler v. Lebanon County, Pennsylvania, No. 1:14-cv-00744, which petition is also before the Court on a Report and Recommendation from Magistrate Judge Mehalchick, and which the Court will address in a separate order.

[2] These facts are taken from Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 9), which contains a history of this case that the Court will not rehash here.

petition. (Id.)  He appealed this decision to both the Pennsylvania Superior and Supreme Courts without success. (Id.)

On April 14, 2014, while incarcerated at SCI-Retreat in Luzerne County, Pennsylvania, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Magistrate Judge Mehalchick ordered Petitioner to show cause why his petition should not be dismissed as untimely (Doc. No. 3); he filed a response on May 1, 2014 (Doc. No. 4), and then an amended petition on November 4, 2014 (Doc. No. 5), adding a new ground for relief. Petitioner alleges multiple grounds on which he seeks relief, including a claim for ineffective assistance of counsel.

On March 5, 2015, Magistrate Judge Mehalchick issued a Report and Recommendation in which she recommends that the Court dismiss the petition with prejudice as untimely. (Doc. No. 9.) In relevant part, Magistrate Judge Mehalchick concludes that Petitioner's petition was untimely because he had to file his petition by August 10, 2010, and he filed it on April 14, 2014, more than three years later. (Id. at 4-5.) She further concludes that there were no grounds for either statutory or equitable tolling of the limitations. (Id. at 5-6.) Petitioner filed timely objections on March 18, 2015. (Doc. No. 10.)

The Court finds Petitioner's objections without merit, and will overrule them. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner such as Petitioner must file a habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As Magistrate Judge Mehalchick correctly observed (Doc. No. 9 at 5), Petitioner's conviction became final on August 10, 2009, and Petitioner therefore had until

August 10, 2010 to file his habeas corpus petition. However, the present petition was not filed until April 14, 2014.

Petitioner appears to raise two specific objections. First, Petitioner objects on the ground that this Court should find that his 2012 state court PCRA petition – rather than, apparently, his 2014 Section 2254 petition – was timely filed, because that petition was based on new rules of law handed down by the United States Supreme Court in March 2012. (Doc. No. 10 at 1 (citing Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012).) The Court presumes that Petitioner is therefore contending that statutory tolling should apply to his Section 2254 petition, although he does not directly state as such.[3] Regardless, the Court will overrule this objection. The AEDPA provides that its one-year limitation period may begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Magistrate Judge Mehalchick already rejected Petitioner's precise argument in her Report and Recommendation, and the Court agrees. Neither case cited by Petitioner sets forth a "new rule of constitutional law" and, accordingly, the tolling provision does not apply to Petitioner.[4] See, e.g., Navar v. Warden Fort Dix FCI, 569 F. App'x 139, 140 n.1 (3d Cir. 2014); Sanchez v. Burns, 24 F. Supp. 3d 441, 444-45 (E.D. Pa. 2014).

---

[3] As Magistrate Judge Mehalchick noted, the AEDPA's limitation period may be tolled by statute during the time "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

[4] Petitioner also devotes much of his objections to re-stating his underlying claims for relief (see Doc. No. 10 at 2), but these have no bearing on the issue of the timeliness of his petition.

Petitioner's second objection is that he failed to timely file his federal habeas petition due to government inference; specifically, that his public defender failed to respond to correspondence, and that the government repeatedly failed to respond to his requests for discovery. (Doc. No. 10 at 1-2.) Petitioner further states that he did not receive his discovery until March 2010, by which time "the AEDPA's limitation period had expired." (Id. at 2.) Thus, Petitioner seems to be asserting that equitable tolling should apply. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). The Court will overrule this objection as well. First, Petitioner offers nothing but conclusory assertions that various entities interfered with his ability to timely file his petition. Moreover, Petitioner is mistaken about the original limitations period. As Magistrate Judge Mehalchick noted, Petitioner had until August 10, 2010 to file a timely habeas petition with this Court. Thus, it appears that Petitioner received his discovery approximately five months prior to the deadline for his Section 2254 petition, and he advances no reason why he was accordingly unable to file a petition by August 10, 2010, let alone why there was an additional three-plus year delay. Because Petitioner's equitable tolling argument is plainly without merit, the Court will adopt the Report and Recommendation of Magistrate Judge Mehalchick and dismiss the petition with prejudice.

The Court will also adopt Magistrate Judge Mehalchick's recommendation that it decline to issue a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a certificate of appealability should not issue unless

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court agrees that Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

**ACCORDINGLY**, this 22nd day of June 2015, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 9) is **ADOPTED**;

2. Petitioner's objections (Doc. No. 10) are **OVERRULED**;

3. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED WITH PREJUDICE**;

4. A certificate of appealability **WILL NOT ISSUE**; and,

5. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania